Filing # 195988928 E-Filed 04/11/2024 12:45:07 PM

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

**SUSAN MOONSIE and WAYNE MOONSIE,**

    Plaintiffs,

vs.

**UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.,**

    Defendant.

_____/

CASE NO:

## COMPLAINT

**COMES NOW**, the Plaintiffs, **SUSAN MOONSIE AND WAYNE MOONSIE**, by and through the undersigned counsel, sues the Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is an action in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and within the jurisdiction of this Court.

2. At all times material hereto, upon information and belief, the Plaintiffs, **SUSAN MOONSIE and WAYNE MOONSIE**, were and still are residents of Broward County, Florida, and is *sui juris*.

3. That all times material hereto, upon information and belief, the Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, was and still is a Florida Limited Partnership authorized and doing business in the State of Florida, that:

    a. owned a theme park located at 6000 Universal Blvd, Orlando, FL 32819;

    b. maintained a theme park located at 6000 Universal Blvd, Orlando, FL 32819;

  c. managed a theme park located at 6000 Universal Blvd, Orlando, FL 32819;

  d. possessed a theme park located at 6000 Universal Blvd, Orlando, FL 32819; and/or

  e. exercised control over a theme park located at 6000 Universal Blvd, Orlando, FL 32819;

4. Venue is proper in Orange County, Florida because the incident took place at the Defendant's theme park premises located at 6000 Universal Blvd, Orlando, FL 32819.

5. That on or about April 20, 2022, the Plaintiffs, **SUSAN MOONSIE** and **WAYNE MOONSIE**, parked their car in Defendant's parking garage and proceeded along the marked path towards Defendant's CityWalk attraction.

6. That on or about April 20, 2022, the Plaintiffs, **SUSAN MOONSIE** and **WAYNE MOONSIE**, while walking along the pathway to the attractions and theme parks, boarded an escalator to continue along the pathway. The escalator malfunctioned, came to a sudden and unexpected complete stop, which shook the Plaintiffs and others on the escalator at the same time (hereinafter the "incident").

7. That on or about April 20, 2022, the Plaintiffs **SUSAN MOONSIE** and **WAYNE MOONSIE**, did sustain significant and serious bodily injuries as a result of the aforementioned incident.

## COUNT I – SUSAN MOONSIE'S CLAIM OF NEGLIGENCE AGAINST UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.

8. The Plaintiff, **SUSAN MOONSIE**, adopts and re-alleges paragraphs 1–7, as if they were reproduced herein, and further alleges:

9. That at the time the Plaintiffs were injured, Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, owed the Plaintiffs a legal duty of reasonable care in maintaining the premises in a reasonably safe condition, free from dangerous conditions that might foreseeably give rise to injury or damage to the Plaintiffs.

10. Moreover, Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, had a legal duty to warn the Plaintiffs of any defects or unreasonably dangerous conditions on the Defendant's premises.

11. Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff **SUSAN MOONSIE** by the following:

a. carelessly and negligently failing to exercise reasonable care with respect to the installation, maintenance, and/or repair of the escalator;

b. carelessly and negligently failing to conduct reasonable inspections of the premises for the existence of dangerous conditions, such as those referenced in paragraphs #5-7, that Defendant had actual knowledge of or should have known of, or had constructive knowledge of due to the regularity with which the dangerous condition occurs on the subject premises;

c. carelessly and negligently failing to maintain the premises free from the existence of dangerous conditions, such as those referenced in paragraphs #5-7, that Defendant had actual knowledge of or should have known of, or had constructive knowledge of due to the regularity with which the dangerous condition occurs on the subject premises;

d. carelessly and negligently failing to adequately warn the Plaintiffs, by sign or otherwise, as to the existence of the dangerous conditions, such as those referenced in paragraphs #5-7, that Defendant had actual knowledge of or should have known of, or had constructive knowledge of due to the regularity with which the dangerous condition occurs on the subject premises;

e. carelessly and negligently failing to adequately train its agents, servants, employees, and/or representatives to conduct reasonable inspections of the premises to ensure that such premises are free from the existence of dangerous conditions, such as those referenced in paragraphs #5-7;

   f. carelessly and negligently failing to implement procedures requiring its agents, servants, employees, and/or representatives to report possible unsafe and dangerous conditions, such as those referenced in paragraphs #5-7; and/or

   g. failing to implement procedures requiring routine inspections of the escalator;

  12. That as a direct and proximate result of the negligence of Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, the Plaintiff, **SUSAN MOONSIE**, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

  **WHEREFORE**, the Plaintiff, **SUSAN MOONSIE**, prays for entry of a judgment against the Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, in an amount in excess of Fifty Thousand ($50,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

### COUNT II – WAYNE MOONSIE'S CLAIM OF NEGLIGENCE AGAINST UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.

  1. The Plaintiff, **WAYNE MOONSIE**, adopts and re-alleges paragraphs 1–7, as if they were reproduced herein, and further alleges:

  2. That at the time the Plaintiffs were injured, Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, owed the Plaintiffs a legal duty of reasonable care in maintaining the premises in a reasonably safe condition, free from dangerous conditions that might foreseeably give rise to injury or damage to the Plaintiffs.

3. Moreover, Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, had a legal duty to warn the Plaintiffs of any defects or unreasonably dangerous conditions on the Defendant's premises.

4. Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff **WAYNE MOONSIE** by the following:

a. carelessly and negligently failing to exercise reasonable care with respect to the installation, maintenance, and/or repair of the escalator;

b. carelessly and negligently failing to conduct reasonable inspections of the premises for the existence of dangerous conditions, such as those referenced in paragraphs #5-7, that Defendant had actual knowledge of or should have known of, or had constructive knowledge of due to the regularity with which the dangerous condition occurs on the subject premises;

c. carelessly and negligently failing to maintain the premises free from the existence of dangerous conditions, such as those referenced in paragraphs #5-7, that Defendant had actual knowledge of or should have known of, or had constructive knowledge of due to the regularity with which the dangerous condition occurs on the subject premises;

d. carelessly and negligently failing to adequately warn the Plaintiffs, by sign or otherwise, as to the existence of the dangerous conditions, such as those referenced in paragraphs #5-7, that Defendant had actual knowledge of or should have known of, or had constructive knowledge of due to the regularity with which the dangerous condition occurs on the subject premises;

e. carelessly and negligently failing to adequately train its agents, servants, employees, and/or representatives to conduct reasonable inspections of the premises to ensure that such premises are free from the existence of dangerous conditions, such as those referenced in paragraphs #5-7;

f.  carelessly and negligently failing to implement procedures requiring its agents, servants, employees, and/or representatives to report possible unsafe and dangerous conditions, such as those referenced in paragraphs #5-7; and/or

g.  failing to implement procedures requiring routine inspections of the escalator;

5. That as a direct and proximate result of the negligence of Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, the Plaintiff, **WAYNE MOONSIE**, was injured in and about his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, the Plaintiff, **WAYNE MOONSIE**, prays for entry of a judgment against the Defendant, **UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**, in an amount in excess of Fifty Thousand ($50,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## CERTIFICATE OF SERVICE

I certify that on this 10th day of April 2024, a true and correct copy has been provided via electronic transmission via the Florida Courts E-Filing Portal.

**MORGAN & MORGAN P.A.**
3990 E SR 44, Suite 204,
Wildwood, FL 34785
T:  (689) 216-7662
Fax:   (689) 216-7712
Primary:  balu.sajeevan@forthepeople.com
Secondary: jkosluk@forthepeople.com
Attorney for Plaintiff
*/s/ Balu Sajeevan*
Balu Sajeevan, Esquire
Florida Bar #:  1008847